996 F.2d 311
 Pens. Plan Guide P 23880J
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 
 Conrad John HUSMAN, Plaintiff-Appellant,
v.
CLIMAX MOLYBDENUM COMPANY, a Delaware corporation; Climax
Non-Contributory Retirement Income Plan, Barbara
Randall, Administrator, Defendant-Appellee.
 No. 92-1297.
 United States Court of Appeals, Tenth Circuit.
 June 8, 1993.
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Conrad John Husman is a retired employee of the Climax Molybdenum Company ("Climax"). Mr. Husman has been permanently disabled since 1977. Husman appeals an order of the United States District Court for the District of Colorado granting Climax's motion for summary judgment in Husman's ERISA action under 29 U.S.C. § 1132(a)(1)(B) for disability payments retroactive to his 1977 injury. We affirm.
 
 
 3
 We review a grant of summary judgment de novo, applying the same standards used by the district court. See Lucas v. Mountain States Tel. & Tel., 909 F.2d 419, 420 (10th Cir.1990). Because the benefit plan grants to its administrator discretionary authority to determine eligibility for benefits, the plan administrator's decision must be upheld unless it is "(1) arbitrary and capricious, (2) not supported by substantial evidence, or (3) erroneous on a question of law." Pratt v. Petroleum Prod. Management, Inc. Employee Savs. Plan & Trust, 920 F.2d 651, 657 (10th Cir.1990) (internal quotation omitted).
 
 
 4
 Although Husman has been disabled since 1977, the plan administrator, Barbara Randall, granted his request for disability retirement benefits retroactive only to October, 1986. Randall based that determination on her reading of the pension plan, which makes application for benefits a condition precedent to eligibility for those benefits. Husman did not apply for these benefits until April, 1986. Randall selected October, 1986 as the effective date of eligibility because it is the date upon which Husman became eligible for Climax's disability insurance benefits through their disability insurer, Metropolitan Life Insurance Company. We find Randall's administration of the plan to be reasonable, and AFFIRM for substantially the reasons given by the district court. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3